IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CAET PROJECT MANAGEMENT, CONSULTANTS, LLC, | § § § | |
| PLAINTIFF, | § § | |
| V. | § § | CASE NO. 4:22-cv-0697-P |
| GRAPHIC ARTS MUTUAL INSURANCE COMPANY, | § § § | |
| DEFENDANT. | § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, CAET Project Management Consultants, LLC, ("CAET"), and files this, its First Amended Complaint against Graphic Arts Mutual Insurance Company ("Graphic Arts") and for same, would show unto the Court as follows:

### I.    PARTIES

1.    Plaintiff CAET Project Management Consultants, LLC is a domestic limited liability company with its principal place of business at 1139 Keller Parkway, Suite B, Keller, Texas 76248.

2.    Defendant Graphic Arts Mutual Insurance Company is a foreign corporation with its principal place of business at 180 Genesee Street, New Hartford, New York 13413.

### II.    JURISDICTION AND VENUE

3.    This Honorable Court has jurisdiction over Defendant because Defendant is an insurance company that engages in the business of insurance in the State of Texas

and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas, Jurisdiction is based on diversity in that this case was removed by Defendant from State Court pursuant to 28 U.S.C. § 1446.

### III.    FACTS

4.    Plaintiff re-alleges and incorporated by reference the allegations contained in Paragraphs 1-3 of this Amended Complaint as if fully set forth herein.

5.    CAET Investments is, and at all times mentioned and material to this action was, the owner in fee of certain real property commonly known as 1149 Keller Parkway, Keller, Texas 76248 ("CAET's Property").

6.    As a tenant at CAET's Property, Plaintiff CAET Project Management Consultants, LLC obtained a policy of insurance with Graphic Arts.  The insurance policy is Policy No. 5420542 (the "Policy"). The Policy between CAET and Graphic Arts provided coverage for potential hail/wind/weather damage to CAET's Property.

7.    On April 28, 2021, a hail/wind/weather event occurred the location of CAET's Property. CAET's Property sustained damages as a result of this hail/wind/weather storm. CAET properly reported the claim to Graphic Arts. Graphic Arts took steps to adjust the claim, but inappropriately failed and refused to properly adjuster the claim. Defendant did not properly adjust the full amount of the loss. Defendant did not properly calculate depreciation. Defendant did not properly include Overhead & Profit in its estimate for repairs to the CAET Property. CAET's public adjuster, My Adjuster, LLC, submitted an estimate to Defendant Graphic Arts which included Overhead & Profit due to the complexity of the claim and the need to coordinate repairs due to the ongoing business being conducted at CAET's Property. Defendant Graphic Arts refused to include the

proper amount of the claim, the appropriate depreciation or Overhead & Profit in its estimate stating Overhead & Profit is not "warranted as the claim is not complex." Despite inquiry to Defendant's adjusters as to the definition of what is "warranted" or "complex" under the policy, Defendant's adjusters have failed and refused to respond and continues to wrongfully deny Overhead & Profit benefits due under the policy and to otherwise properly pay the full amount of the claim although this claim is properly due and owed.

8.      Defendant Graphic Arts and its agents and adjusters failed to perform their contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Graphic Arts and its agents and adjusters' conduct constitutes a breach of the insurance contract between Graphic Arts and Plaintiff. In this regard, Defendant under-paid the claim and did not fully pay benefits due under the Policy, specific Overhead and Profit.

9.      Defendant Graphic Arts and its agents and adjusters misrepresented to Plaintiff that the damage to CAET's Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Graphic Arts and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

10.      Defendant Graphic Arts and its agents and adjusters failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant Graphic Arts and its agents and adjusters' conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A). In this regard, Defendant did not properly calculate the loss, applied an inaccurate depreciation amount and did not allow for Overhead and Profit.

11.     Defendant, Graphic Arts and its agents and adjusters failed to explain to Plaintiff the reasons for their denial of Plaintiff's claim. Specifically, Defendant, Graphic Arts and its agents and adjusters failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant, Graphic Arts and its agents and adjusters did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant Graphic Arts and its agents and adjusters' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code §541.060(a)(3).

12.     Defendant, Graphic Arts and its agents and adjusters failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant, Graphic Arts. The explanation as to why Overhead and Profit was inadequate was Overhead and Profit was not warranted in that the job was not "complex" and the adjuster "felt" Overhead and Profit was not warranted, which is not a part of the insurance contract.   Defendant Graphic Arts and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(4).

13.     Defendant Graphic Arts and its agents and adjusters refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Graphic Arts

failed to conduct a reasonable investigation. Specifically, Defendant, Graphic Arts and its agents and adjusters performed an outcome-orientated investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of plaintiff's losses on the property. Defendant Graphic Arts and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

14.    Defendant Graphic Arts and its agents and adjusters failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Graphic Arts and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.055.

15.    Defendant Graphic Arts and its agents and adjusters failed to accept or deny Plaintiff's full and entire claim within statutorily mandated time of receiving all necessary information. Graphic Arts and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

16.    Defendant Graphic Arts and its agents and adjusters failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date. Graphic Arts and its agents and adjusters' conduct constitutes a Violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

17.     From and after the time Plaintiff's claim was presented to Defendant Graphic Arts and its agents and adjusters, the liability of Graphic Arts to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Graphic Arts and its agents and adjusters have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Graphic Arts and its agents and adjusters' conduct constitutes a breach of the common law of good faith and fair dealing.

18.     Defendant Graphic Arts and its agents and adjusters knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

19.     As a result of Defendant Graphic Arts and its agents and adjusters' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

20.     As a result of the foregoing conduct, Plaintiff would respectfully show as follows:

## IV.     CAUSES OF ACTION

21.     Defendant Graphic Arts and its agents and adjusters, specifically Defendants Cottle and Ghicas acting in the course and scope of their employment, are liable to Plaintiff for fraud, intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional beach of good faith and fair dealing.

### A.     FRAUD

22.     Defendant Graphic Arts and its agents and adjusters are liable to Plaintiff for common law fraud.

23.    Each end every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and in which Defendant Graphic Arts and its agents and adjusters knew were false or made recklessly without any knowledge of their truth as a positive assertion.

24.    The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements there causing Plaintiff to suffer injury and constituting common law fraud.

## B.    BREACH OF CONTRACT

25.    Defendant Graphic Arts has committed acts which constitute a breach of the insurance contract made between Graphic Arts and Plaintiff.

26.    Defendant Graphic Arts' failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Graphic Arts's insurance contract with Plaintiff.

## C.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

27.    Defendant Graphic Arts and its agents and adjusters' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code §541.060(A). All violation under this article are made actionable by Tex. Ins. Code §541.151.

28.    Defendant Graphic Arts and its agents and adjusters' unfair settlement practice of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(1).

29.     Defendant Graphic Arts and its agents and adjusters' unfair settlement practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Graphic Arts' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(2)(A).

30.     Defendant Graphic Arts and its agents and adjusters' unfair settlement practice, Defendants Cottle and Ghicas acting in the course and scope of their employment, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(3).

31.     Defendant Graphic Arts and its agents and adjusters' unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(4).

32.     Defendant Graphic Arts and its agents and adjusters' unfair settlement practice of refusing to pay Plaintiffs claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(7).

**D.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS**

33.     Defendant Graphic Arts and its agents and adjusters' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations

made under this article ere made actionable by Tex. Ins. Code §542.060.

34.    Defendant Graphic Arts and its agents and adjusters' failure to acknowledge receipt of Plaintiffs claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints constitutes a non-prompt payment of claims and a violation of the Tex. Ins. Code §542.055.

35.    Defendant Graphic Arts and its agents and adjusters' failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

36.    Defendant Graphic Arts and its agents and adjusters' delay of the payment of Plaintiffs claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

### E.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

37.    Defendant Graphic Arts and its agents and adjusters' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

38.    Defendant Graphic Arts and its agents and adjusters' failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time Defendant Graphic Arts and its agents and adjusters knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**F.    VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES/CONSUMER PROTECTION ACT**

39.    Based on the facts previously set forth, Defendants have committed violations of the Texas Deceptive Trade Practices/Consumer Protection Act, ("DTPA"). The DTPA, Sections 17.46, *et seq.* of the Texas Business and Commerce Code, provides additional protection to consumers who are victim of deceptive, improper, and/or illegal practices, including the award of treble damages for knowing violation and attorneys' fees. Defendant's conduct in engaging in such acts or practices results in actual and consequential damages to Plaintiff, and supports an award for treble damages.

40.    Plaintiff would respectfully show it is entitled to actual damages resulting from these violations of the law. These damages include the sums the Defendant has wrongfully refused to pay and any consequential damages to Plaintiff's economic welfare in the future, including any exacerbation of economic condition occasioned by the delay in payment of these claims. Plaintiff is also entitled to recovery of treble damages for "knowing" violations.

41.    In addition, Plaintiff is entitled to recovery of attorneys' fees necessary to afford its rights, along with the costs and expenses set forth by law. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

**G.    KNOWLEDGE**

42.    Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and Texas Deceptive Trade Practices Act and were a producing cause of Plaintiff's damages described herein.

43.     Plaintiff has complied with all conditions precedent in making its claims against Defendant. Plaintiff has complied with all conditions precedent to bring this litigation.

44.     To the extent any individual or entity took part in the investigation, processing, adjusting, delaying and denial of Plaintiff's claims, each did so while within the scope of their agency and employment of Defendant Graphic Arts.

**H.     PATTERN AND PRACTICE OF COMMON LAW AND STATUTORY VIOLATIONS**

45.     Plaintiff would show that Defendant engaged in a pattern and practice of conducting outcome-oriented investigations, hiring biased "inspectors," and routinely failing to pay the full value of the claim. Defendant undertook these actions in an attempt to withhold monies they know or should know is reasonably payable and due under the terms of the Policy.

**V.     DAMAGES**

46.     Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-45 of this Amended Complaint as if fully set forth herein,

47.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

48.     As previously mentioned, the damages caused by this hailstorm rendered CAET's Property significantly damaged. These damages have not been properly addressed or repaired in the months since the storm causing further damages to CAET's Property and causing undue hardship and burden to the Plaintiff. These damages are a direct result of Defendant Graphic Arts and its agents and adjusters' mishandling of

Plaintiff's claim in violation of the law set forth above.

49.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of its claim together with attorney's fees. Plaintiff seeks monetary relief of at least $57,000 for specific damages for breach of contract.

50.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff requests for three times its actual damages. Tex. Ins. Code §541.152. Plaintiff seeks monetary relief of at least $57,000.

51.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorneys' fees. Tex. Ins. Code §542.060. Plaintiff seeks monetary relief of at least $57,000.

52.     For beach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurance breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress. Plaintiff seeks monetary of over $250,000.

53.     Additionally, for breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Graphic Arts' conduct in hindering the reconstruction of CAET's Property. Plaintiff seeks monetary relief of over $250,000.

54.     For fraud, Plaintiff is entitled to recover actual damages and exemplary

damages for knowing fraudulent and malicious representations, along with attorneys' fees, interest and court costs. Plaintiff seeks monetary relief of over $250,000.

55.     For breach of the Texas Deceptive Trade Practices Act. Plaintiff is entitled to recover from Defendant actual damages, statutory damages, exemplary damages along with attorneys' fees. Plaintiff seeks monetary relief of over $250,000.

## VI.   ATTORNEYS' FEES'

56.     Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-55 of this Amended Complaint as if fully set forth herein.

57.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Federal Court of Appeals and/or the Supreme Court of the United States.

## VII.   JURY DEMAND

58.     Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-57 of this Amended Complaint as if fully set forth herein.

59.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Tarrant County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## VIII.   PRAYER

60.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays Defendants be cited to answer and appear and after final trial, Plaintiff has judgment against the Defendants in an amount in excess of the minimal jurisdiction limits of the Court to

reimburse it the cost of repairs of the CAET's Property, diminution in value of the CAET's Property, lost profits, loss of use, and other consequential damages, punitive or exemplary damages, plus pre-judgment and post-judgment interest at the legal rate until paid, attorneys' fees and costs, costs of Court, and for all other relief, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**AYERS & AYERS**

By:      /s/ *Jonathan P. Ayers*
         JONATHAN P. AYERS
         State Bar No. 01465900
         4205 Gateway Drive, Suite 100
         Colleyville, Texas 76034
         jayers@ayersfirm.com
         (817) 267-9009
         (817) 318-0663 (FAX)

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded to counsel of record for Defendant via e-service on this 2nd day of September, 2022.

/s/ *Jonathan P. Ayers*
Jonathan P. Ayers